

<div style="text-align: right;">
Jeffrey Alberts<br>
Partner<br><br>
Direct Tel: 212-326-0800<br>
Main Fax: 212-326-0806<br>
jalberts@pryorcashman.com
</div>

January 16, 2024

**VIA ECF**

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Forfeiture Order of Tim Leissner*
               **23-MC-1505 (MKB)**

Dear Chief Judge Brodie,

      We write to oppose the government's letter dated January 12, 2024, (the "Government's Letter") moving for reconsideration of the Court's Memorandum and Order, issued December 26, 2023, (the "Order") denying the government's motion to dismiss Petitioner Russell Simmons derivative claim on behalf on Nu Horizons. The Court should deny the government's motion because it is untimely, fails to identify a controlling decision the Court overlooked, and, even if successful, would not justify dismissing Petitioner's derivative claim. Moreover, rather than further delay the progress of this ancillary proceeding and allow the government to continue to dodge its obligation to prove that it has a right to forfeit Celsius Shares, as the government requests in its proposal to limit discovery to an issue the government views as helpful to its case, the Court should set a discovery schedule that applies to all disputed issues.

      Regarding the schedule for briefing the government's motion for reconsideration, the parties have conferred, as the Court directed earlier today. Under Local Civil Rules 6.3 and 6.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Petitioner's opposition is due within 7 days from the government's motion, which was filed on Jan. 12, and the government's reply, if any, is due 2 days after the service of Petitioner's opposition. Petitioner asked the government to comply with the local rules, which would result in the motion being fully briefed before the conference currently scheduled for January 24. The government asked that its deadline be expanded from 2 days to 7 days. Petitioner has filed its memorandum of law early so that the government has 7 days to file its reply, if any, on or before January 23, the day before the next court conference in this matter.

8356438 v1
08497.00075

Case 1:23-mc-01505-MKB-JRC   Document 26   Filed 01/16/24   Page 2 of 6 PageID #: 1154



The Honorable Margo K. Brodie
January 16, 2024
Page 2

### 1. The Government's Motion for Reconsideration is Untimely

The deadline for filing a motion for reconsideration is "fourteen (14) days after the entry of the Court's determination of the original motion." Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; *see also* Local Criminal Rule 49.1(d) ("A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion.") The Court's determination of the government's motion to dismiss was filed December 26, 2023, so the deadline for filing a motion to reconsider that determination was January 9. Because the government did not file its motion for reconsideration by that deadline, the government's motion should be denied.

### 2. The Government Fails to Identify Controlling Law That the Court Overlooked.

The government correctly states that the standard for granting a motion for reconsideration "is strict," but then ignores that strict standard and instead applies a different standard that it made up for the purpose of its motion. (Government Letter at 2 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).) The strict standard quoted by the government is that "[t]he moving party is required to demonstrate that 'the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court.'") (Government Letter at 2 (quoting *Smith v. Schweiloch*, No. 12-CV-3253, 2012 WL 2277687, at *1 (S.D.N.Y. June 18, 2012) (internal citation omitted). After quoting this standard, the government then fails to identify a single *controlling* decision issued by the Second Circuit or the Supreme Court that this Court overlooked. Instead, the government cites several decisions from district courts and other circuits. None of these cited decisions are controlling law for this Court. Apparently realizing this, the government states that the Court overlooked "authority," without acknowledging that this is not the strict standard it is required to meet. The government was required to demonstrate that the Court overlooked *controlling* authority, and it failed to do so.

Moreover, none of decisions cited by the government in support of its motion for reconsideration apply Rule 23.1 to a forfeiture petition. Accordingly, even if the decisions had been issued by a controlling court, which they were not, they still would not be controlling law on the position advocated by the government, which is that (a) Rule 23.1 applies to forfeiture petitions, even though Rule 23.1 explicitly applies only to "the complaint," and (b) when applying Rule 23.1 to a forfeiture petition, courts should then ignore the actual language of Rule 23.1, which states that it is sufficient to "allege that the plaintiff was a shareholder or member at the time of the transaction complained of" and write in a new implied requirement for forfeiture petitions that a derivative petitioner must also allege that he was a member of a company at the time a petition is filed. None of the decisions that the government cherry picked from non-controlling courts even address the question of whether a forfeiture petitioner must be a member when filing a claim, much less adopted the government's proposed resolution of this issue.

8356438 v1
08497.00075



The Honorable Margo K. Brodie
January 16, 2024
Page 3

### 3. Petitioner Complied with Even the Pleading Requirement That the Government Falsely Asserts Was Required Under Controlling Law.

The government's strained efforts to suggest that there is controlling law requiring a forfeiture claimant to allege that the claimant was a member of the LLC at the time the claimant filed the petition are particularly perplexing because Petitioner Simmons *did* allege in his Verified Petition that he is a member of Nu Horizons. He explicitly alleged that his "interest in Nu Horizons is a bona fide interest which has existed since 2011 when he created Nu Horizons." (Third Party Petition of Russell Simmons for Himself and Derivatively on Behalf of Nu Horizons ¶67.) He explained why this is the case in paragraphs 41-63 of the Verified Petition. It could not be more clear that he made the very allegation that would be required were the government to have filed its motion for reconsideration by the required deadline, which it did not, and then met its burden of identifying overlooked controlling law, which it did not. Accordingly, the government's motion for reconsideration not only fails; it would not change the Court's ultimate ruling because the Verified Petition complied with the pleading requirement advocated in the government's motion for reconsideration.[1]

### 4. The Court Should Deny the Government's Effort to Postpone Petitioner's Access to Discovery.

The government's request for an order denying Petitioner Simmons access to discovery, while the government obtains discovery from Petitioner Simmons to bolster its argument concerning the ownership of Nu Horizons, is unsupported by any of the cases the government cites. The government's suggestion that this highly atypical approach to discovery is somehow justified by judicial efficiency makes no sense, which may be why the government has failed to cite any cases supporting this approach. The government's request to obtain discovery before Petitioner Simmons obtains discovery is particularly odd given that the government has been actively investigating this matter for years, currently has unfettered access to Defendant Leissner and his knowledge of Nu Horizons, and already has volumes of relevant documents ranging from documents to witness interviews. Postponing Petitioner Simmons's access to discovery so that the government can spend additional time trying to bolster its case with additional evidence would be unjust and inefficient.

The government tries to justify its proposal that the Court adopt the unusual approach to discovery of limiting discovery to the factually disputed issue of ownership of Nu Horizons by citing cases stating that standing is a threshold issue in forfeiture proceedings. However, these cases in no way support the government's position that Court should direct the parties to produce discovery on facts relevant to standing before authorizing discovery on other disputed issues. To

---

[1] Petitioner Simmons also explains why he is an owner of Nu Horizons despite the Stock Transfer Agreement that the government has argues made his claim to ownership of Nu Horizons invalid. (*See* Verified Petition ¶¶ 41-63.)



The Honorable Margo K. Brodie
January 16, 2024
Page 4

the contrary, these cases merely include the uncontroversial observation that "Article III standing must be determined as a threshold matter in ***every*** federal case." *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004) (emphasis added). Because standing is a threshold issue in ***every*** federal case, the fact that standing also is a threshold issue in this case in no way supports the inference that the Court should order discovery on standing before discovery on other issues. To the contrary, the fact that standing is ***always*** a threshold issue in ***all*** federal cases, suggests that the Court should not deviate from the standard practice in federal cases by authorizing discovery on the issue of standing before all other issues.

The government also ignores the discussion in the cases it cites concerning what allegations are sufficient to make a threshold showing of standing. For example, the Ninth Circuit explains in one such cited case that a "claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a colorable interest in the property." *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). Russell Simmons has far exceeded this threshold requirement by submitting a Verified Petition explaining how he acquired an interest in Nu Horizons and how Nu Horizons acquired an interest in the Celsius Shares, attaching to the Verified Petition the Certificate of Formation of Nu Horizons that he signed (Exhibit 4), the Nu Horizons Operating Agreement listing him as a member (Exhibit 14), the Stock Purchase Agreement and Secondary Convertible Promissory Note Purchase Agreement with CDS Ventures of South Florida, LLC, pursuant to which Nu Horizons purchased the shares of stock including the Celsius Shares (Exhibits 6 & 7), and Celsius Holdings, Inc.'s contemporaneous filings with the U.S. Securities and Exchange Commission identifying Russell Simmons as a beneficial owner of the Celsius Shares and Nu Horizons as a direct owner of the Celsius Shares (Exhibits 15 & 16). Petitioner Simmons even filed a document signed by Defendant Leissner, the government's own cooperating witness, in which Leissner flatly denies the government's theory that Russell Simmons is not the beneficial owner of the Celsius Shares by confirming in 2020 (after the date of the Stock Transfer Agreement that the government has opined divested Simmons of his beneficial interest in the Celsius Shares) "that Russell Simmons is the beneficial owner of 49% of the 3.9 million shares that Nu Horizons acquired in 2015 net of any capital contributions made by other Members of Nu Horizons." (Exhibit 22) Any suggestion that these filed documents did not demonstrate a "colorable interest" in the Celsius Shares is absurd.

Neither does the government's citation to civil forfeiture case law, referencing Rule G of the Federal Rule of Civil Procedure, support its proposal. For example, the government reliance on the Second Circuit's decision in *United States v. Vazquez-Alvarez*, 760 F.3d 193 (2d Cir. 2014), is misplaced. As a preliminary matter, the government fails to mention that *Vazquez-Alvarez*, unlike this case, was a civil forfeiture action governed by a completely distinct set of procedural rules that do not apply here, not an ancillary proceeding in a criminal case. Moreover, in that case the claimant failed to establish standing because he *refused* to explain his interest in the seized property, alleging only that he was a "possessor/owner" of duffel bags of



The Honorable Margo K. Brodie
January 16, 2024
Page 5

cash.  Accordingly, the court entered a default judgment against the claimant.  The fact that a bare allegation that one is a "possessor/owner" falls short of making the threshold requirement of standing in no way suggests that Petitioner Simmons has not made a threshold showing of standing.

Finally, not only has the government failed to identify unique aspects of this case that would justify deviating from the normal rule that discovery proceeds on all issues, but the nature of the factual disputes in this case make staged discovery particularly inappropriate.  First, the persons who have information relevant to ownership of Nu Horizons also have information relevant to other factual disputes, such as whether Nu Horizons was the purchaser of the Celsius Shares and whether Nu Horizons was without reason to know the Celsius Shares were subject to forfeiture.  These persons include Petitioner Simmons, Kimora Lee Simmons, Defendant Leissner, and the government. It would be more efficient for these people to participate in discovery of all the factual issues on which they have relevant documents and knowledge at once than to have multiple rounds of document productions and deposition testimony by the same people.

Second, the question of ownership is intertwined with other disputed factual questions, so postponing discovery on aspects of those intertwined issues would be needlessly inefficient.  For example, Petitioner Simmons's argument that Stock Transfer Agreement was unenforceable because it was part of a fraud by Defendant Leissner and Kimora Lee Simmons overlaps with the factual dispute over whether Nu Horizons knew through Defendant Leissner that the Celsius Shares were subject to forfeiture.  It is far more efficient to address all of these intertwined issues at once than to have multiple rounds of discovery into related factual issues.

Third, the government's proposed staging of discovery would create inefficiencies by requiring multiple rounds of dispositive briefing.  Presumably, the government has in mind discovery on standing, followed by a dispositive motion on standing, to then be followed by a resumption of discovery, followed by a new rounds of dispositive motions.  This clearly would create needless delay (unless one assumes that the government's motion on standing will be successful, which there is no reason to do).

For all of the reasons above, the Court should deny the government's motion for reconsideration and enter a comprehensive discovery order.  Petitioner Simmons proposes the following discovery schedule:

- January 29:    Deadline for the service of initial interrogatories and document requests on parties, including other petitioners;

- February 12:    Deadline for responses to interrogatories and objections to document requests;



The Honorable Margo K. Brodie
January 16, 2024
Page 6

- March 29: Deadline for the completion of document discovery; and
- April 29: Deadline for the completion of depositions.

We look forward to discussing this discovery schedule with the Court at the conference scheduled for January 24, 2024.

Sincerely,

/s/ *Jeffrey Alberts*

Jeffrey Alberts

Cc: All Counsel of Record (by ECF)

8356438 v1
08497.00075