
## PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                    www.pryorcashman.com

**Jeffrey Alberts**
Partner

Direct Tel: 212-326-0800
Main Fax: 212-326-0806
jalberts@pryorcashman.com

March 9, 2024

**VIA ECF**

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *In re Forfeiture Order of Tim Leissner*
              **23-MC-1505 (MKB)**

Dear Chief Judge Brodie,

    We represent Russell Simmons in the above-captioned action and write in opposition to the government's request filed last night to further postpone discovery on all issues other than standing so that it can belatedly start pursuing discovery on that issue.  The government has flouted this Court's order to participate in accelerated discovery over a 30-day period by failing to serve a single discovery request until 20 days had passed.  Similarly, not only has the government refused to conduct an accelerated production of documents relevant to the dispute over standing, the government has failed to produce even a single document that Petitioner Simmons timely requested.  Finally, although the government never informed the Court that it would be seeking to compel Mr. Simmons to be deposed twice before the ancillary hearing, once in the accelerated discovery period, and again in the general discovery period, the government served a last-minute notice of deposition on Petitioner Simmons, who lives in Indonesia, while it continued to withhold the documents that Petitioner would need if Petitioner were to conduct depositions during the accelerated discovery period.  In light of the government's failure to diligently participate in the accelerated discovery that it requested, the Court should deny the government's request for an extension of this period and issue a new schedule for document discovery on *all* fact disputes, to be followed by depositions, pre-hearing motions and a hearing.

**1.   The Government Violated the Court's Order to Engage in Accelerated Discovery.**

    On January 12, 2024, the government requested that instead of issuing a standard discovery schedule for all disputed relevant issues followed by pre-hearing motions and an hearing, the Court authorize a special, accelerated discovery period on the issue of standing.

8476120 v2
08497.00075



The Honorable Margo K. Brodie
March 9, 2024
Page 2

Petitioner Simmons vigorously opposed this proposal for several reasons. Among these reasons was that the government's proposal would needlessly delay the end of discovery, and thus further postpone Petitioner's ability to recover Petitioner's property, which the government continues to hold.

It was also clear that bifurcating discovery would create needless inefficiencies, because the issues and evidence directly relevant to whether Mr. Simmons had an ownership interest in Nu Horizons when he filed his petition were intertwined with many other issues and evidence. The fact disputes directly relevant to Petitioner's standing include, for example, whether Kimora Lee-Simmons had already secretly sold Keyway Pride to Midas Commodities Agents Delaware LLC when she signed the Stock Transfer Agreement that purported to transfer Mr. Simmons's interest in Nu Horizons to Keyway Pride and whether the Stock Transfer Agreement was unenforceable because it was part of a criminal conspiracy between Kimora Lee-Simmons and Defendant Leissner. Similarly, the evidence on these fact issues overlaps with evidence on other issues and includes a variety of events that occurred well after the transactions involving Keyway Pride, such as representations Kimora Lee-Simmons and Defendant Leissner made to the government in 2018 about ownership of the Celsius Shares when they used the Celsius Shares to secure Leissner's release and Leissner's written statement in 2020 that Russell Simmons is still the beneficial owner of 49% of the Celsius Shares.

Rather than address these concerns, the government ignored them and acted as if standing was a discrete stand-alone factual issue in this case that could be efficiently separated from other aspects of discovery.

On February 9, the Court ordered "the parties to engage in expedited discovery over a period of thirty (30) days." It could not have been more clear that the Court expected the government to *diligently* pursue the discovery it had asked the Court to authorize in order to limit the prejudice to Petitioner Simmons, whose property the government is holding. The following week, Petitioner Simmons served document requests on the government, requesting that the government produce specific categories of relevant documents within 14 days. The government failed to serve discovery requests or to otherwise pursue discovery on standing. The following week, the government continued to do nothing.

It was not until 20 days into the 30-day "accelerated" discovery period that the government made its first effort to participate in any way in discovery, when it emailed discovery requests to Petitioner's counsel. Finally, at 11:55pm on Friday, March 1, 2024, the government sent a boilerplate response to Petitioner's timely requests for documents, objecting to every single request for documents and not producing a single document. As of today, the government still has not produced a single document in response to Petitioner's discovery requests.



The Honorable Margo K. Brodie
March 9, 2024
Page 3

In short, the government has willfully refused to participate in the accelerated discovery it requested.

**2. The Court Should Not Prejudice Petitioner Simmons and Reward the Government's Dilatory Conduct By Authorizing Two Rounds of Pre-Hearing Depositions of Petitioner Simmons.**

The government emailed a deposition notice for Russell Simmons to Petitioner's counsel on February 29 and served it by FedEx on March 4. The date listed in that notice of deposition was March 7. This was the first indication of any kind that the government would be seeking to include depositions in the 30-day accelerated discovery period. It was particularly shocking that the government would provide this last-minute notice to Mr. Simmons because Mr. Simmons lives in Indonesia, and up to that point the government had not even served document requests. In fact, the government's document requests served with the notice of deposition requested the production of documents 14 days from the date of service, which would be March 18, over a week *after* the 30-day discovery period ordered by the Court and 11 days after the date specified in it last-minute notice of deposition.[1]

Not only were the noticed depositions unexpected, but the government appears to take the view that it will be permitted to depose Petitioner twice before the hearing, once in the accelerated period it requested and again in open discovery. This would be utterly unfair both because of the burden to Petitioner and because parties in civil proceedings generally are not allowed to depose the same witness more than once. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (party may not depose the same witness twice without leave from the court). Permitting the government to artificially generate the ability to depose the same witness twice by requesting accelerated discovery on standing is particularly unfair. It both delays petitioner's ability to conduct discovery and prejudices him by giving the government multiple opportunities to question him, while the government avoids its own discovery obligations.

Finally, the unfairness of compelling one party to engage in discovery while the other refuses to participate in discovery is particularly egregious here, where the government not only was given a special discovery period on an issue of its choosing, but also failed to produce responsive documents that relate to that issue it cherry picked. The Court should not permit the government to depose Mr. Simmons until the government has completed its production of responsive documents. Discovery is not one-sided.

---

[1] The day after the government ambushed Mr. Simmons with a surprise notice of deposition, Petitioner Simmons served deposition notices on Defendant Leissner and Petitioner Kimora Lee-Simmons, both of whom have relevant information relating to standing. While Petitioner Simmons noticed these depositions to preserve Petitioner's rights to obtain the same form of discovery that the government belatedly sought in the accelerated discovery period, Petitioner Simmons proposes that *all* depositions, including the depositions noticed by Petitioner Simmons be held after document discovery, as further stated below.



The Honorable Margo K. Brodie
March 9, 2024
Page 4

### 3. The Most Fair and Efficient Way to Proceed is to Set a Discovery Schedule for All Fact Disputes.

The most charitable interpretation of the government's failure to participate in the accelerated discovery that it requested is the government has belatedly realized the scope of the documents in its possession that relate to standing and was overwhelmed when it attempted to quickly collect and produce these documents. Regardless of whether this charitable explanation is correct, it is now more clear than ever that the most efficient way to complete discovery and hold a timely hearing on Petitioner's claim is to enter a discovery order that begins with document discovery on all issues, followed by one round of depositions, followed by pre-hearing motions, if any, and finally the hearing. It is unjust to permit the government to continue to hold a petitioner's property while it delays a hearing on the petition by proposing inefficient discovery procedures and then refuses to diligently participate in those very procedures. Accordingly, Petitioner respectfully requests that the Court enter an order authorizing the following discovery schedule in this ancillary proceeding:

1. April 30 for completion of all document productions and interrogatory responses;
2. May 31 for completion of all depositions; and
3. Week of June 3 for a conference to set a schedule for pre-hearing motions, if any, and a hearing date.

Petitioner also respectfully requests that the Court order the depositions that have been noticed will be held after the completion of all document productions and interrogatory responses, which will avoid prejudicial duplicative depositions and make the discovery process more efficient.

We thank you for your time and consideration.

Sincerely,

/s/ *Jeffrey Alberts*

Jeffrey Alberts
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-0800
jalberts@pryorcashman.com

*Counsel for Petitioner Russell Simmons*

8476120 v2
08497.00075



The Honorable Margo K. Brodie
March 9, 2024
Page 5

cc: All Counsel of Record (by ECF)

8476120 v2
08497.00075