JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: +1.212.326.8390
ALEXANDERWILSON@JONESDAY.COM

October 9, 2025

The Honorable Margo K. Brodie
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: In re Forfeiture Order of Tim Leissner, 23-mc-1505 (MKB) (JRC)

Dear Judge Brodie:

We write in response to the Court's October 2, 2025 Order directing Mr. Siazon to "file a letter further explaining the basis for his anticipated motion to amend." An expanded summary of the bases for Mr. Siazon's anticipated motion is set forth below. Because the anticipated motion is itself merely a request for leave to file an Amended Petition in this matter, however, we respectfully submit that there is no legitimate basis for other parties to oppose the *filing* of that motion at this time.[1] The Court explicitly dismissed Mr. Siazon's Petition without prejudice, and he is thus entitled to seek leave to file an Amended Petition. Whether to grant such leave is a question that should be resolved after full briefing of the motion and review of the proposed Amended Petition, and not on an abbreviated record at this preliminary stage. *See United States v. Daugerdas*, 892 F.3d 545, 553 (2d Cir. 2018) ("denying [the petitioner] the opportunity to present a viable petition would raise significant due process concerns").

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, defendant Tim Leissner, Mr. Siazon's longtime friend, offered to sell Mr. Siazon 561,798 shares of Celsius Holdings, Inc. ("Celsius") stock for $500,000. The transaction was structured by Leissner as a purchase agreement (the "Cuscaden Agreement") for 13.7% of Cuscaden Capital Limited ("Cuscaden"), a single-purpose investment entity that Leissner represented held 4,101,124 shares of Celsius stock. The agreement entitled Mr. Siazon to "all economic rights" in 13.7% of those shares (or 561,798 shares). Mr. Siazon understood—based on Leissner's representations—that Cuscaden directly held the Celsius shares. Unbeknownst to Mr.

[1] Russell Simmons argues that Mr. Siazon's delay in moving to amend his Petition is "undue and dilatory." ECF No. 160 at 1. But "[m]ere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted). Simmons does not even attempt to argue that bad faith or prejudice are present here. And Simmons's assertion that leave to amend is typically not permitted in ancillary forfeiture is belied by this very case, in which the Court has already granted Kimora Lee Simmons ("Lee") leave to amend her petition, and by the only Second Circuit authority cited by Simmons. *See* ECF No. 87; *U.S. v. Swartz Fam. Tr.*, 67 F.4th 505, 520 (2d Cir. 2023) (permitting amendment). Finally, Simmons has no basis to contest Mr. Siazon's argument that settlement discussions were a proper reason for deferring his request to amend, as he is not privy to Mr. Siazon's discussions with the Government, and the Government did not raise any such objection.

Siazon, Leissner later transferred more than 3.9 million Celsius shares, including those acquired by Mr. Siazon, to his then-wife Lee. Leissner secured his bond using 3,325,942 of these shares (the "Forfeited Shares"), and ultimately consented to their forfeiture.

Based on these facts, Mr. Siazon filed a third-party petition claiming an interest in 561,798 Celsius shares (the "Siazon Shares") based on a contractual claim under the Cuscaden Agreement or, to the extent Leissner had misrepresented the ownership of his Celsius shares, via a constructive trust. Petitions were also filed by Lee, Simmons, and Roger Ng. On December 7, 2023, the Government moved to dismiss Simmons's petition, and while the Court found Simmons lacked standing for a direct claim, it allowed his derivative claim on behalf of Nu Horizons Investment Group LLC ("Nu Horizons") to proceed. The Court authorized limited discovery into Simmons's standing to bring a derivative claim on behalf of Nu Horizons, *see* ECF No. 32, but the process has been marked by ongoing delays and disputes, largely due to Simmons's own tactics. Simmons has taken advantage of these delays by moving to dismiss the remaining petitioners' claims.

On July 15, 2025, the Court granted Simmons's motion to dismiss Mr. Siazon's Petition without prejudice. *See* ECF No. 148. With respect to his contract-based claim, the Court held that Mr. Siazon "was not a direct purchaser of shares in Celsius, but rather an investor in Cuscaden," which is "insufficient to establish that [he] held a legal interest in any portion of the Celsius Shares." *Id.* at 18–19. With respect to his constructive trust claim, the Court ruled that (i) "he has not sufficiently alleged retention of title by Leissner because [he] alleges that Cuscaden—not Leissner—held title to the [Celsius] shares" and (ii) he "has not sufficiently alleged that a constructive trust is necessary to effectuate justice where he has a remedy at law." *Id.* at 24–25.[2] Given then-ongoing settlement discussions, and the absence of any specific deadline for filing a motion for leave to amend, Mr. Siazon deferred making an immediate motion. As those discussions have not yet led to a resolution of his claim, Mr. Siazon now seeks leave to amend his Petition to (1) address the deficiencies identified by the Court in his constructive trust claim and (2) assert a derivative claim on behalf of Nu Horizons via his interest in Cuscaden.

## II. MR. SIAZON'S PROPOSED AMENDMENTS

A motion to amend a third-party petition is governed by Fed. R. Civ. P. 15, *see* ECF No. 150 at 23, which states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." ECF No. 150 at 23 (citation omitted).

### A. <u>Constructive Trust Claim Amendments</u>

Mr. Siazon will amend his constructive trust claim in three respects. *First*, he will plead facts uncovered during standing discovery showing that Leissner lied regarding the nominal ownership of the Celsius shares, which were held by Nu Horizons—an entity that Leissner

[2] Mr. Siazon reserves all appellate rights in connection with the Court's dismissal of his petition.

controlled through Cuscaden—rather than by Cuscaden directly. Because Nu Horizons is a party to these proceedings via Simmons's derivative claim, this proposed amendment will address the Court's ruling that the titleholder must be a party for a constructive trust to be a basis for a third-party petition. *See* ECF No. 148 at 24. *Second*, Mr. Siazon will plead facts learned during standing discovery to show that Nu Horizons was merely Leissner's alter ego and/or nominee and, thus, that Leissner was the true owner of the Celsius shares. *Third*, Mr. Siazon will clarify that he lacks an adequate remedy at law with respect to his claim because, having forfeited the Celsius shares to the Government, Leissner lacks sufficient assets to pay the current value of the Siazon Shares. Any award of damages against Leissner would be illusory and uncollectable, and thus inadequate. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 632, 638 (S.D.N.Y. 2014) (imposing a constructive trust and finding money damages an inadequate remedy if they cannot be collected).

**B. <u>Derivative Claim Amendments</u>**

Mr. Siazon will also amend his Petition to assert a derivative claim to all 3,325,942 of the Forfeited Shares on behalf of Nu Horizons via his interest in Cuscaden. While Mr. Siazon continues to believe that he acquired a direct interest in the Siazon Shares via his purchase from Leisner, the Court has determined that he merely acquired an ownership stake in Cuscaden. As a minority owner in Cuscaden, Mr. Siazon is entitled to bring a derivative claim to contest the forfeiture of the seized Celsius shares on behalf of Cuscaden as parent and Nu Horizons as subsidiary on the same basis that the Court permitted Simmons to assert a derivative claim on behalf of Nu Horizons. *See* ECF No. 24 at 8–12. Mr. Siazon will also plead facts showing that the purported transfer of Cuscaden's interest in Nu Horizons to Keyway Pride Limited LLC—for no consideration and as part of Leissner's attempts to hide assets—was void as a fraudulent transfer that violated the express provisions of the Nu Horizons Operating Agreement. Cuscaden thus remains the majority owner of Nu Horizons and Mr. Siazon is entitled to bring a derivative action on behalf of both companies.

Accordingly, we respectfully request the Court's permission to file a motion to amend Mr. Siazon's Petition.

Respectfully submitted,

*<u>/s/ Alexander Wilson</u>*______
Alexander J. Wilson
Alexander J. Gonzalez

cc: All Counsel of Record (via ECF)