BGK/DAS/TRP:SMF
F. #2016R0467

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE FORFEITURE ORDER OF
TIM LEISSNER, *et al.*

**STIPULATION OF**
**SETTLEMENT AND ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

23-MC-1505 (MKB)

RUSSELL SIMMONS, individually and
derivatively on behalf of Nu Horizons,
KIMORA LEE SIMMONS-LEISSNER,
and KEN SIAZON,

Third-Party Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about June 7, 2018, a criminal complaint was filed against Tim Leissner ("Leissner") in the United States District Court for the Eastern District of New York in the case captioned, *United States v. Tim Leissner*, 18-CR-439 (MKB) (E.D.N.Y.) ("*Leissner*") (*Leissner*, ECF No. 1);

WHEREAS, on or about June 14, 2018, the Honorable Steven L. Tiscione, United States Magistrate Judge for the Eastern District of New York, entered an order setting a pretrial release bond for Leissner in the amount of $20,000,000, secured by shares of Celsius Holdings, Inc. ("Celsius") stock in J.P. Morgan Chase Bank brokerage account number ending in "7002" held in the name of Kimora Lee Simmons-Leissner ("Lee") (the "Lee JPMC Account") (*Leissner*, ECF No. 5);

WHEREAS, on or about August 28, 2018, Leissner entered a plea of guilty to an Information filed in *Leissner* charging conspiracy to violate the Foreign Corrupt Practices

Act, in violation of 18 U.S.C. § 371 (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two) (*Leissner*, ECF No. 16);

WHEREAS, on or about November 1, 2018, the Court entered a Preliminary Order of Forfeiture against Leissner, on consent, which ordered the entry of a forfeiture money judgment in the amount of $43,700,000.00, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as: (a) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such property; (b) property, real or personal, constituting or derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 371; and/or (c) substitute assets (*Leissner*, ECF No. 21);

WHEREAS, on or about March 5, 2021, the Honorable Peggy Kuo, United States Magistrate Judge for the Eastern District of New York, issued a warrant authorizing the seizure of shares of Celsius stock from the Lee JPMC Account, finding probable cause to believe that the shares were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1) (the "Seizure Warrant");

WHEREAS, on or about March 3, 2023, the Court entered an Amended Preliminary Order of Forfeiture against Leissner, with Leissner's consent, which ordered the entry of a forfeiture money judgment in the amount of $43,700,000.00 and the forfeiture of all right, title and interest in 3,325,942 shares of Celsius stock held in the Lee JPMC Account (the "Pre-Split Celsius Shares"), pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as: (a) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such

property; (b) property, real or personal, constituting or derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 371; and/or (c) substitute assets (*Leissner*, ECF No. 68);

WHEREAS, the Amended Preliminary Order of Forfeiture further ordered that, upon final forfeiture of the Celsius Shares to the United States, the net value thereof at the time the shares are liquidated by the government shall be credited towards the forfeiture money judgment (*Leissner,* ECF No. 68);

WHEREAS, Leissner has waived any and all right, title, and interest in the Celsius Shares, consistent with his cooperation agreement, consent to forfeiture, and the Amended Preliminary Order of Forfeiture filed in *Leissner*, and accordingly, Leissner has waived any and all claims he may have, either individually or on behalf of any entity, to the Total Settlement Shares (as defined below) being released to the Claimants, and to the Remainder Shares (as defined below) being forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c);

WHEREAS, on or about April 5, 2023, June 9, 2023, July 10, 2023, and July 19, 2023, the government served via FedEx, notice to all those persons known to the government, who might have an interest in the Pre-Split Celsius Shares (*Leissner*, ECF No. 104);

WHEREAS, notice of the Amended Preliminary Order of Forfeiture was published on the United States' official website, www.forfeiture.gov, for thirty (30) consecutive days beginning May 2, 2023, through and including May 31, 2023 (*Leissner*, ECF No. 103);

WHEREAS, on or about May 5, 2023, Lee, through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 892,732.40 shares of the Pre-Split Celsius Shares (the "Lee Petition") (ECF No. 3; *Leissner*, ECF No. 70);

WHEREAS, on or about May 5, 2023, Ng Chong Hwa, also known as "Roger Ng" ("Ng"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 1,453,488 shares of the Pre-Split Celsius Shares (the "Ng Petition") (ECF No. 4; *Leissner*, ECF No. 71);

WHEREAS, on or about May 5, 2023, Russell Simmons ("Simmons"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n), in his individual capacity and derivatively on behalf of Nu Horizons Investment Group LLC ("Nu Horizons"), asserting an interest in all of the Pre-Split Celsius Shares, or in the alternative, to 49% of the Pre-Split Celsius Shares (the "Simmons Petition") (ECF No. 5; *Leissner*, ECF No. 72);

WHEREAS, on or about May 22, 2023, Ken Siazon ("Siazon"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 561,798 shares of the Pre-Split Celsius Shares (the "Siazon Petition") (ECF No. 8; *Leissner*, ECF No. 75);

WHEREAS, on or about November 15, 2023, Celsius had a three-for-one split of its common stock, which resulted in an increase in the number of Pre-Split Celsius Shares from 3,325,942 to 9,977,826 (hereinafter, the "Celsius Shares");

WHEREAS, on or about December 26, 2023, the Court granted the United States' motion to dismiss Simmons's individual claim to the Celsius Shares for lack of standing under 21 U.S.C. § 853(n) but denied the United States' motion to dismiss as to Simmons's derivative claim on behalf of Nu Horizons (ECF No. 24);

WHEREAS, on or about February 9, 2024, the Court ordered the parties to engage in discovery limited to the question of the status of Simmons's membership interest in Nu Horizons as of the date of the filing of the Simmons Petition (ECF No. 32);

WHEREAS, on or about October 5, 2024, the Court granted Simmons's motion to dismiss the Lee Petition with leave to amend (ECF No. 87);

WHEREAS, on or about October 15, 2024, Lee filed an amended petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 892,732.40 shares of the Pre-Split Celsius Shares (the "Lee Amended Petition") (ECF No. 89);

WHEREAS, on or about July 15, 2025, the Court granted Simmons's motion to dismiss the Siazon Petition without prejudice (ECF No. 148);

WHEREAS, on or about July 20, 2025, the Court granted Simmons's motion to dismiss the Ng Petition without leave to amend (ECF No. 150);

WHEREAS, on or about August 18, 2025, Ng appealed the Court's dismissal of the Ng Petition to the United States Court of Appeals for the Second Circuit (ECF No. 156; Index No. 25-2006, Dkt. Entry 1);

WHEREAS, on or about September 30, 2025, Ng moved to withdraw his appeal, which motion was granted on or about September 30, 2025 (ECF No. 158);

WHEREAS, no persons or entities, other than Lee, Simmons, Siazon, and Ng, have filed claims or otherwise asserted an interest in the Celsius Shares in this action, and the time to do so has expired;

WHEREAS, Lee, Simmons, and Siazon (the "Claimants") and the United States (collectively, the "Parties") have agreed to resolve and settle the Lee Amended

Petition, the Simmons Petition, and the Siazon Petition (collectively, the "Claimants' Petitions") in full without further litigation;

WHEREAS, the United States and Lee have entered into a settlement agreement dated on or about July 7, 2026 (the "Lee Agreement"), which provides for the release of *Redacted* shares of the Celsius Shares (the "Lee Settlement Shares") to Lee in full satisfaction of the Lee Amended Petition and any and all claims Lee may have to the Celsius Shares;

WHEREAS, the United States and Simmons, individually and derivatively on behalf of Nu Horizons, have entered into a settlement agreement dated on or about July 17, 2026 (the "Simmons Agreement"), which provides for the transfer of *Redacted* shares of the Celsius Shares (the "Simmons Settlement Shares") to Simmons, in an individual capacity, to an account held in the name of "Russell Simmons" in full satisfaction of the Simmons Petition and any and all claims Simmons may have to the Celsius Shares;

WHEREAS, as set forth in the Simmons Agreement, Simmons has committed to using the Simmons Settlement Shares to pay certain of his creditors before any of the Simmons Settlement Shares are made available to Simmons for other use;

WHEREAS, the United States and Siazon have entered into a settlement agreement dated on or about July 13, 2026 (the "Siazon Agreement"), which provides for the transfer of *Redacted* shares of the Celsius Shares (the "Siazon Settlement Shares") to Siazon in full satisfaction of the Siazon Petition and any and all claims Siazon may have to the Celsius Shares; and

WHEREAS, the Celsius Shares were restrained by the United States in the Lee JPMC Account pursuant to the Seizure Warrant and have remained restrained in the Lee JPMC Account until the present date.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED to by and between the Parties, through their undersigned counsel, as follows:

1. This Stipulation of Settlement and Order ("Stipulation and Order") is contingent upon the execution of the Simmons Agreement, the Lee Agreement, and the Siazon Agreement by the respective parties.

2. In full and complete satisfaction of the Claimants' Petitions, and any and all claims they may have to the Celsius Shares, individually or derivatively on behalf of any entity, including Nu Horizons, the United States agrees to: (a) release the Lee Settlement Shares to Lee pursuant to a Final Order of Forfeiture directing the release of the United States' restraint of the Lee Settlement Shares held in the Lee JPMC Account; (b) transfer the Simmons Settlement Shares to Simmons, in an individual capacity, to a brokerage account held in the name of "Russell Simmons" to be set forth by Simmons on a duly completed form pursuant to instructions to be provided by the U.S. Marshals Service; and (c) transfer the Siazon Settlement Shares to Siazon to a brokerage account held in the name of "Ken Siazon" to be set forth by Siazon on a duly completed form pursuant to instructions to be provided by the U.S. Marshals Service.

3. The Parties agree and understand that Lee shall be solely responsible for the tax consequences, if any, of the transfer of the Lee Settlement Shares pursuant to the Lee Agreement; Simmons shall be solely responsible for the tax consequences, if any, of the transfer of the Simmons Settlement Shares pursuant to the Simmons Agreement; and Siazon

shall be solely responsible for the tax consequences, if any, of the transfer of the Siazon Settlement Shares pursuant to the Siazon Agreement.

4. In consideration of the foregoing, the Claimants: (a) withdraw and waive any and all right, title and interest they may have, individually and/or derivatively on behalf of Nu Horizons and/or any other entity, in (i) the Celsius Shares being remitted to the other Claimants pursuant to this Stipulation and Order, as well as (ii) after deduction of the Lee Settlement Shares, the Simmons Settlement Shares, and the Siazon Settlement Shares (collectively, hereinafter, the "Total Settlement Shares"), the remainder of the Celsius Shares, together with all interest accrued on the Celsius Shares from the date of seizure (the "Remainder Shares"); and (b) consent to the forfeiture of the Remainder Shares to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

5. Claimants acknowledge that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury, the U.S. Marshals Service, and other disbursing officials to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state (including delinquent child-support obligations enforced by the states). Accordingly, the Claimants acknowledge that the amount to be returned to the Claimants may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP, if any. If Claimants believe that a portion of the settlement may be subject to an offset, Claimants may contact the Treasury Department at 1-800-304-3107. Claimants further acknowledge

that the United States makes no representation as to the amount of the Claimants' debts or even whether any such debt exists.

6. Lee represents that she agrees to: (a) the dismissal with prejudice of the action in Los Angeles Superior Court entitled *Simmons v. Leissner*, *et al.*, Los Angeles Superior Court, Case No. 21STCV18852 (the "California Action"), with each party to bear its own respective costs and attorney's fees in that action; and (b) release any and all claims she has asserted, individually or derivatively, against Simmons and/or his related entities, and not file any further claims related to the conduct giving rise to the California Action.

7. Simmons represents that he agrees to: (a) the dismissal with prejudice of the California Action, with each party to bear its own respective costs and attorney's fees in that action; and (b) release any and all claims he has asserted, individually and derivatively, against Lee and Leissner and their related entities, and not file any further claims related to the conduct giving rise to the California Action.

8. The Parties agree and understand that, following receipt of this Stipulation and Order signed by the Parties and ordered by the Court, counsel for the United States shall submit to the Court a proposed Final Order of Forfeiture (a copy of which is attached hereto as Exhibit A), which will order, *inter alia*, that:

(a) J.P. Morgan Chase Bank shall release the United States' restraint on the Lee Settlement Shares in the Lee JPMC Account;

(b) J.P. Morgan Chase Bank shall transfer the Simmons Settlement Shares and the Siazon Settlement Shares, held in the Lee JPMC Account, to the U.S. Marshals Service pursuant to instructions to be provided to J.P. Morgan Chase Bank by the

U.S. Marshals Service;

(c) the U.S. Marshals Service, or its duly authorized agents and/or contractors, shall transfer the Simmons Settlement Shares and the Siazon Settlement Shares as set forth in paragraph 2 above in an expeditious manner without undue delay; and

(d) the Remainder Shares shall be forfeited to the United States, and that the U.S. Marshals Service, or its duly authorized agents and/or contractors, shall dispose of the Remainder Shares in accordance with all applicable laws and regulations.

9. The Parties agree, understand and acknowledge that none of the Parties to this Stipulation and Order admit to or acknowledge any liability or wrongdoing whatsoever to the other. Further, the Parties specifically deny any such liability or wrongdoing. Neither this Stipulation and Order nor any payment hereunder is to be construed as an admission of liability or wrongdoing by any party.

10. Claimants agree to release, remise and forever discharge the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Claimants and their heirs, agents, assignees, representatives, and successors ever had, now have, or hereafter may have against the United States and its agencies, agents, officers, and employees, past and present, for or on account of the seizure, restraint and forfeiture of the Celsius Shares and the settlement of this action with respect to the Celsius Shares.

11. Each Claimant further agrees to release, remise and forever discharge the other Claimants from all claims or causes of action which such Claimant and their heirs, agents, assignees, representatives, and successors ever had, now have, or hereafter may have

against the other Claimants related to the settlement of this action or related to the Celsius Shares.

12. The United States makes no representations as to the tax consequences, if any, of the payment of the Total Settlement Shares or the settlement of the instant action. Claimants acknowledge that this Stipulation and Order does not resolve any issues of liability under Title 26 of the United States Code.

13. The Parties agree that each party shall bear its own respective costs and attorney's fees. Claimants waive any and all rights they may have, if any, to recover attorney's fees and/or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

14. This Stipulation and Order—together with the Lee Agreement, the Simmons Agreement, and the Siazon Agreement (collectively, the "Concurrent Agreements")—constitutes the final, complete, and exclusive agreement and understanding between the Claimants and the United States with respect to the settlement embodied in this Stipulation and Order and the Concurrent Agreements, and supersede all prior agreements and understandings with respect to the settlement embodied in this Stipulation and Order and the Concurrent Agreements, whether oral or written, which can only be amended in writing and signed by the Parties. The Concurrent Agreements shall remain in full force and effect in accordance with their respective terms and nothing in this Stipulation and Order shall be construed to supersede, limit, or modify any rights, obligations, or remedies set forth in the Concurrent Agreements. Further, no other document, nor any representation, inducement, agreement, understanding or promise constitute any part of this Stipulation and Order, the Concurrent Agreements, or the settlement they represent, nor shall they be used in construing

the terms of this Stipulation and Order and the Concurrent Agreements. For purposes of construction, this Stipulation and Order and the Concurrent Agreements shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceeding in which the Parties seek to enforce the terms of this Stipulation and Order or the Concurrent Agreements.

15. Except for the final resolution of the Claimants' Petitions, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), nothing in this Stipulation and Order shall be deemed to modify the Amended Preliminary Order of Forfeiture against Leissner entered by this Court on or about March 3, 2023 (Leissner, ECF No. 68).

16. If any provision of this Stipulation and Order and the Concurrent Agreements is hereafter determined to be invalid for any reason, the balance of this Stipulation and Order and the Concurrent Agreements shall remain in full force and effect. The obligations of this Stipulation and Order and the Concurrent Agreements apply to and are binding upon the Parties and any of their successors, transferees, heirs, and assigns.

17. It is contemplated that this Stipulation and Order may be executed in several counterparts. All such counterparts and signature pages, which may include electronic and scanned signatures, together, shall be deemed to be one document.

18. The Parties acknowledge and agree that the copy of this Stipulation and Order executed by the Parties (the "Executed Stipulation and Order") redacts the number of the Lee Settlement Shares, the Simmons Settlement Shares, and the Siazon Settlement Shares, and that no Claimant is provided, in the Executed Stipulation and Order, any information regarding the number of shares to be received by any other Claimant as set forth in the Concurrent Agreements. Each Claimant knowingly and voluntarily waives any claim

or defense that the redaction of such figures from the Executed Stipulation and Order affects the validity, enforceability, or binding effect of this Stipulation and Order, or that such Claimant lacked information sufficient to consent to the terms thereof.

19. The Parties acknowledge and agree that the amount of the Remainder Shares to be forfeited to the United States will be unredacted and set forth in the Final Order of Forfeiture to be filed in this case.

20. The United States shall submit to the Court an unredacted version of this Stipulation and Order, which, upon the Court's so-ordering, shall constitute the operative and controlling version for all purposes. The signature pages to the Executed Stipulation and Order shall constitute signatures to the unredacted Stipulation and Order.

21. The District Court shall retain jurisdiction of this action to enforce this Stipulation and Order.

Dated: Brooklyn, New York
August 18, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
*Attorney for the United States of America*
271 Cadman Plaza East
Brooklyn, New York 11201

By: Tanisha Payne
Tanisha R. Payne
Dylan A. Stern
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering,
Narcotics and Forfeiture Section
U.S. Department of Justice

By: Barbara Levy
Barbara Y. Levy
Trial Attorney
(202) 353-9759

AGREED AND CONSENTED TO BY:

Dated: August 11, 2026

King & Spalding LLP
*Counsel for Petitioner Kimora Lee Simmons-Leissner*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

By: David K. Willingham
(213) 218-4005

State of Hawaii
City & County of Honolulu }ss

Kimora Lee Simmons-Leissner, Petitioner

On the 11th day of August, 2026, Kimora Lee Simmons-Leissner, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed above, personally appeared before me and acknowledged that he executed the foregoing document.

NOTARY PUBLIC K. Delano

K. DELANO NOTARY PUBLIC No. 21-25 STATE OF HAWAII

My comm. exp: 04/18/2029

K. DELANO NOTARY PUBLIC No. 21-25 STATE OF HAWAII

NOTARY CERTIFICATION
Notary Name: K. Delano
Judicial Circuit: First
Date: 8/11/2026
Notary Signature:

My comm. exp: 04/18/2029

AGREED AND CONSENTED TO BY:

Dated: 8/13/2026

PRYOR CASHMAN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
7 Times Square, Suite Level 40
New York, NY 10036

By: ______________________________
Jeffrey E. Alberts
(212) 326-0800

Dated: _____________

MORRISON COHEN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
909 Third Avenue, 27th FloorNew York, New York 10022

By: ______________________________
Y. David Scharf
(212) 735-8600

______________________________
Russell Simmons, Petitioner
Individually and Derivatively on behalf of Nu Horizons

On the _____ day of _______________, 2026, Russell Simmons, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed above, personally appeared before me and acknowledged that he executed the foregoing document.

______________________________
NOTARY PUBLIC

AGREED AND CONSENTED TO BY:

Dated: _____________

PRYOR CASHMAN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
7 Times Square, Suite Level 40
New York, NY 10036

By: ______________________________
Jeffrey E. Alberts
(212) 326-0800

Dated: 8/12/2026

MORRISON COHEN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
909 Third Avenue, 27th Floor
New York, New York 10022

By: ______________________________
Y. David Scharf
(212) 735-8600

______________________________
Russell Simmons, Petitioner
Individually and Derivatively on behalf of Nu Horizons

On the _____ day of _______________, 2026, Russell Simmons, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed above, personally appeared before me and acknowledged that he executed the foregoing document.

______________________________
NOTARY PUBLIC

AGREED AND CONSENTED TO BY:

Dated: ______________

PRYOR CASHMAN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
7 Times Square, Suite Level 40
New York, NY 10036

By: ______________________________
Jeffrey E. Alberts
(212) 326-0800

Dated: ______________

MORRISON COHEN LLP
*Counsel for Petitioner Russell Simmons, Individually, and Derivatively on Behalf of Nu Horizons, Inc.*
909 Third Avenue, 27th Floor
New York, New York 10022

By: ______________________________
Y. David Scharf
(212) 735-8600

______________________________
Russell Simmons, Petitioner
Individually and Derivatively on behalf of Nu Horizons

On the _____ day of ________________, 2026, Russell Simmons, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed above, personally appeared before me and acknowledged that he executed the foregoing document.

IMAM MASHURI, S.H., M.KN.

Gianyar 13 AUG 2026

______________________________
NOTARY PUBLIC

IMAM MASHURI, S.H., M.KN.
Notaris Kabupaten Gianyar

AGREED AND CONSENTED TO BY:

Dated: August 18, 2026

JONES DAY LLP
*Counsel for Petitioner Ken Siazon*
250 Vesey Street
New York, NY 10281

By: ______________________
Alexander J. Wilson
(212) 326-8390

______________________
Ken Siazon, Petitioner

On the _____ day of _______________, 2026, Ken Siazon, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed above, personally appeared before me and acknowledged that he executed the foregoing document.

______________________
NOTARY PUBLIC

**SO ORDERED:**

Dated: Brooklyn, New York
August 24, 2026

s/MKB
HONORABLE MARGO K. BRODIE
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA,

- against -

TIM LEISSNER,

Defendant.

– – – – – – – – – – – – – – – – – X

[PROPOSED] FINAL ORDER OF FORFEITURE

18-CR-439 (MKB)

WHEREAS, on or about June 7, 2018, a criminal complaint was filed against Tim Leissner ("Leissner") in the United States District Court for the Eastern District of New York in the case captioned, *United States v. Tim Leissner*, 18-CR-439 (MKB) (E.D.N.Y.) ("*Leissner*") (*Leissner*, ECF No. 1);

WHEREAS, on or about June 14, 2018, the Honorable Steven L. Tiscione, United States Magistrate Judge for the Eastern District of New York, entered an order setting a pretrial release bond for Leissner in the amount of $20,000,000, secured by shares of Celsius Holdings, Inc. ("Celsius") stock in J.P. Morgan Chase Bank brokerage account number ending in "7002" held in the name of Kimora Lee Simmons-Leissner ("Lee") (the "Lee JPMC Account") (*Leissner*, ECF No. 5);

WHEREAS, on or about August 28, 2018, Leissner entered a plea of guilty to an Information filed in *Leissner* charging conspiracy to violate the Foreign Corrupt Practices Act, in violation of 18 U.S.C. § 371 (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two) (*Leissner*, ECF No. 16);

WHEREAS, consistent with Leissner's plea agreement, on or about November 1, 2018, the Court entered a Preliminary Order of Forfeiture against Leissner, on consent, which ordered the entry of a forfeiture money judgment in the amount of $43,700,000.00, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as: (a) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such property; (b) property, real or personal, constituting or derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 371; and/or (c) substitute assets (*Leissner*, ECF No. 21);

WHEREAS, on or about March 5, 2021, the Honorable Peggy Kuo, United States Magistrate Judge for the Eastern District of New York, issued a warrant authorizing the seizure of shares of Celsius stock from the Lee JPMC Account, finding probable cause to believe that the shares were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1) (the "Seizure Warrant");

WHEREAS, on or about March 3, 2023, the Court entered an Amended Preliminary Order of Forfeiture against Leissner, with Leissner's consent, which ordered the entry of a forfeiture money judgment in the amount of $43,700,000.00 and the forfeiture of all right, title and interest in 3,325,942 shares of Celsius stock held in the Lee JPMC Account (the "Pre-Split Celsius Shares"), pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as: (a) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such property; (b) property, real or personal, constituting or derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 371; and/or (c) substitute assets (*Leissner*, ECF No. 68);

WHEREAS, the Amended Preliminary Order of Forfeiture further ordered that, upon final forfeiture of the Celsius Shares to the United States, the net value thereof at the time the shares are liquidated by the government shall be credited towards the forfeiture money judgment (*Leissner,* ECF No. 68);

WHEREAS, Leissner has waived any and all right, title, and interest in the Celsius Shares, consistent with his cooperation agreement, consent to forfeiture, and the Amended Preliminary Order of Forfeiture filed in *Leissner*, and accordingly, Leissner has waived any and all claims he may have, either individually or on behalf of any entity, to the Total Settlement Shares (as defined below) being released to the Claimants, and to the Remainder Shares (as defined below) being forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c);

WHEREAS, on or about April 5, 2023, June 9, 2023, July 10, 2023, and July 19, 2023, the government served via FedEx, notice to all those persons known to the government, who might have an interest in the Pre-Split Celsius Shares (*Leissner*, ECF No. 104);

WHEREAS, notice of the Amended Preliminary Order of Forfeiture was published on the United States' official website, www.forfeiture.gov, for thirty (30) consecutive days beginning May 2, 2023, through and including May 31, 2023 (*Leissner*, ECF No. 103);

WHEREAS, on or about May 5, 2023, Lee, through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 892,732.40 shares of the Pre-Split Celsius Shares (the "Lee Petition") (ECF No. 3; *Leissner*, ECF No. 70);

WHEREAS, on or about May 5, 2023, Ng Chong Hwa, also known as "Roger Ng" ("Ng"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n)

asserting an interest in 1,453,488 shares of the Pre-Split Celsius Shares (the "Ng Petition") (ECF No. 4; *Leissner*, ECF No. 71);

WHEREAS, on or about May 5, 2023, Russell Simmons ("Simmons"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n), in his individual capacity and derivatively on behalf of Nu Horizons Investment Group LLC ("Nu Horizons"), asserting an interest in all of the Pre-Split Celsius Shares, or in the alternative, to 49% of the Pre-Split Celsius Shares (the "Simmons Petition") (ECF No. 5; *Leissner*, ECF No. 72);

WHEREAS, on or about May 22, 2023, Ken Siazon ("Siazon"), through counsel, filed a third-party petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 561,798 shares of the Pre-Split Celsius Shares (the "Siazon Petition") (ECF No. 8; *Leissner*, ECF No. 75);

WHEREAS, on or about November 15, 2023, Celsius had a three-for-one split of its common stock, which resulted in an increase in the number of Pre-Split Celsius Shares from 3,325,942 to 9,977,826 (hereinafter, the "Celsius Shares");

WHEREAS, on or about December 26, 2023, the Court granted the United States' motion to dismiss Simmons's individual claim to the Celsius Shares for lack of standing under 21 U.S.C. § 853(n) but denied the United States' motion to dismiss as to Simmons's derivative claim on behalf of Nu Horizons (ECF No. 24);

WHEREAS, on or about February 9, 2024, the Court ordered the parties to engage in discovery limited to the question of the status of Simmons's membership interest in Nu Horizons as of the date of the filing of the Simmons Petition (ECF No. 32);

WHEREAS, on or about October 5, 2024, the Court granted Simmons's motion to dismiss the Lee Petition with leave to amend (ECF No. 87);

WHEREAS, on or about October 15, 2024, Lee filed an amended petition pursuant to 21 U.S.C. § 853(n) asserting an interest in 892,732.40 shares of the Pre-Split Celsius Shares (the "Lee Amended Petition") (ECF No. 89);

WHEREAS, on or about July 15, 2025, the Court granted Simmons's motion to dismiss the Siazon Petition without prejudice (ECF No. 148);

WHEREAS, on or about July 20, 2025, the Court granted Simmons's motion to dismiss the Ng Petition without leave to amend (ECF No. 150);

WHEREAS, on or about August 18, 2025, Ng appealed the Court's dismissal of the Ng Petition to the United States Court of Appeals for the Second Circuit (ECF No. 156; Index No. 25-2006, Dkt. Entry 1);

WHEREAS, on or about September 30, 2025, Ng moved to withdraw his appeal, which motion was granted on or about September 30, 2025 (ECF No. 158);

WHEREAS, no persons or entities, other than Lee, Simmons, Siazon, and Ng, have filed claims or otherwise asserted an interest in the Celsius Shares in this action, and the time to do so has expired;

WHEREAS, Lee, Simmons, and Siazon (the "Claimants") and the United States (collectively, the "Parties") have agreed to resolve and settle the Lee Amended Petition, the Simmons Petition, and the Siazon Petition (collectively, the "Claimants' Petitions") in full without further litigation;

WHEREAS, the United States and Lee have entered into a settlement agreement dated on or about July 7, 2026 (the "Lee Agreement"), which provides for the release of

*Redacted* shares of the Celsius Shares (the "Lee Settlement Shares") to Lee in full satisfaction of the Lee Amended Petition and any and all claims Lee may have to the Celsius Shares;

WHEREAS, the United States and Simmons, individually and derivatively on behalf of Nu Horizons, have entered into a settlement agreement dated on or about July 17, 2026 (the "Simmons Agreement"), which provides for the transfer of *Redacted* shares of the Celsius Shares (the "Simmons Settlement Shares") to Simmons, in an individual capacity, to an account held in the name of "Russell Simmons" in full satisfaction of the Simmons Petition and any and all claims Simmons may have to the Celsius Shares;

WHEREAS, as set forth in the Simmons Agreement, Simmons has committed to using the Simmons Settlement Shares to pay certain of his creditors before any of the Simmons Settlement Shares are made available to Simmons for other use;

WHEREAS, the United States and Siazon have entered into a settlement agreement dated on or about July 13, 2026 (the "Siazon Agreement"), which provides for the transfer of *Redacted* shares of the Celsius Shares (the "Siazon Settlement Shares") to a brokerage account held in the name of "Ken Siazon" in full satisfaction of the Siazon Petition and any and all claims Siazon may have to the Celsius Shares;

WHEREAS, the Celsius Shares were restrained by the United States in the Lee JPMC Account pursuant to the Seizure Warrant and have remained restrained in the Lee JPMC Account until the present date; and

WHEREAS, pursuant to the Lee Agreement, the Simmons Agreement, the Siazon Agreement and the Stipulation of Settlement and Order entered by the Court on _______, Lee, Simmons, individually and on behalf of Nu Horizons, and Siazon (collectively, "the Claimants"):

(a) withdrew and waived any and all right, title and interest they may have, individually and/or derivatively on behalf of Nu Horizons and/or any other entity, in (i) the Celsius Shares being remitted to the other Claimants, as well as (ii) after deduction of the Lee Settlement Shares, the Simmons Settlement Shares, and the Siazon Settlement Shares, the remainder of the Celsius Shares, together with all interest accrued on the Celsius Shares from the date of seizure (the "Remainder Shares"); and (b) consented to the forfeiture of the Remainder Shares to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), and the Amended Preliminary Order, all right, title, and interest in the Remainder Shares and any payments towards the Forfeiture Money Judgment are hereby condemned, forfeited, and vested in the United States of America.

2. The U.S. Marshals Service, or its duly authorized agents and/or contractors, are hereby directed to execute the release of the Lee Settlement Shares, and the transfer of the Simmons Settlement Shares and the Siazon Settlement Shares consistent with this Order and in accordance with all applicable laws and regulations.

3. The U.S. Marshals Service is hereby ordered to withdraw the United States' restraint on the Lee Settlement Shares, specifically *Redacted* shares of the Celsius Shares held in the Lee JPMC Account, in full and complete satisfaction of the Lee Amended Petition and any and all claims Lee may have to the Celsius Shares.

4. J.P. Morgan Chase Bank is hereby ordered to release the United States'

restraint on the Lee Settlement Shares, specifically *Redacted* shares of the Celsius Shares held in the Lee JPMC Account, free and clear without restriction.

5. J.P. Morgan Chase Bank is hereby ordered to transfer *Redacted* shares of the Celsius Shares held in the Lee JPMC Account to the U.S. Marshals Service and/or its duly authorized agents and/or contractors pursuant to instructions to be provided by the U.S. Marshals Service.

6. The U.S. Marshals Service and/or its duly authorized agents and/or contractors are hereby ordered to transfer the Simmons Settlement Shares, specifically *Redacted* shares of the Celsius Shares, to Simmons, to a brokerage account held in the name of "Russell Simmons" to be set forth by Simmons on a duly completed form pursuant to instructions to be provided by the U.S. Marshals Service, in full and complete satisfaction of the Simmons Petition, and any and all claims Simmons may have to the Celsius Shares, individually and derivatively on behalf of Nu Horizons.

7. The U.S. Marshals Service and/or its duly authorized agents and/or contractors are hereby ordered to transfer the Siazon Settlement Shares, specifically *Redacted* shares of the Celsius Shares, to Siazon to a brokerage account held in the name of "Ken Siazon" to be set forth by Siazon on a duly completed form pursuant to instructions to be provided by the U.S. Marshals Service in full and complete satisfaction of the Siazon Petition, and any and all claims Siazon may have to the Celsius Shares.

8. The U.S. Marshals Service, or its duly authorized agents and/or contractors, are hereby directed to dispose of the Remainder Shares, to wit, approximately *Redacted* shares of the Celsius Shares, and any and all other payments towards the Forfeiture Money Judgment in accordance with all applicable laws and regulations.

9. The United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Amended Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

10. The Clerk of Court shall enter final judgment of forfeiture of the Remainder Shares to the United States in accordance with the terms of this Final Order of Forfeiture and the Amended Preliminary Order.

11. The Clerk of Court shall send by inter-office mail three (3) certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, Attn: Melissa Thorpe, FSA Supervisory Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
August 24, 2026

SO ORDERED:

s/MKB

HONORABLE MARGO K. BRODIE
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK